David VENEY, Appellant

v.

UNITED STATES, Appellee.

Nos. 04–CF–353, 06–CO–543.

District of Columbia Court of Appeals.

Nov. 16, 2007.

BEFORE: FARRELL and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

**O R D E R**

PER CURIAM:

On consideration of appellant's petition to amend opinion, and the opposition thereto; and it appearing that appellant is requesting that we amend our August 2, 2007, opinion in this case, 929 A.2d 448 (D.C.2007), in what he describes as "one important, but ultimately not outcome determinative, respect," the court enters this order. In sum, appellant asks that we amend the opinion to rely solely on a plain error analysis to resolve the question whether the trial court violated his Confrontation Clause rights by allowing a forensic DNA examiner with the Federal Bureau of Investigation to give expert testimony which relied upon conclusions of other scientists with the FBI who served on the "team of biologists" managed by the testifying expert witness. *See Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

Appellant requests specifically that we amend the opinion by deleting any statement or conclusion that the Confrontation Clause was not violated by reason of the expert's having based her opinion (in part, at least) on scientific tests conducted by others who did not testify. Appellant urges that the better course is to defer a holding concerning the interplay between the Confrontation Clause and the principles set forth in FEDERAL RULE OF EVIDENCE 703 which has been adopted in this jurisdiction *see In re Melton,* 597 A.2d 892, 901, 906–07 (D.C.1991) (en banc), until such a holding is necessary to decide a case, a course similar to the one that this court recently followed in *Roberts v. United States,* 916 A.2d 922, 939 (D.C.2007).

Although appellant through Public Defender Service counsel argued in his brief and reply brief that the trial court committed plain, and therefore reversible, error in permitting the expert testimony challenged here, he states in his petition that he "does not here take issue with" this court's holding that under plain error review, the error was harmless.

Appellee, United States, opposes the petition to amend the opinion, arguing vigorously that "the language appellant challenges reflects a straightforward application of one of the Supreme Court's holdings in *Crawford* ... to the evidentiary rule affirmed by the court in *In re Melton,* 597 A.2d 892 (D.C.1991) (en banc)...." The United States had acknowledged in its brief that this court need not reach the Confrontation Clause

issue but can rely on a plain error analysis.

We find persuasive appellant's argument that we should revise our opinion to follow the course we took in *Roberts, supra,* i.e., to leave the complex question of the interplay between the Confrontation Clause and our precedents concerning the introduction of expert testimony to a case the circumstances of which lead this court to conclude that the resolution of this issue is important to disposition of the appeal.

In light of the foregoing, the opinion issued herein on August 2, 2007, is modified by striking in its entirety Part V. B of the slip opinion, pp. 41–44, and substituting for it the revised Part V. B set forth below; and it is

*So ordered.*

### V.

### B.

Appellant argues that his confrontation rights under the Sixth Amendment were violated under *Crawford* because the trial court admitted Dr. Luttman's testimony, which was based on FBI laboratory reports, while neither the serologist who tested the items for blood and semen, nor the PCR/STR technician who extracted and amplified the samples from these items, testified at trial. The government disputes the premise of appellant's argument, *i.e.,* that Dr. Luttman's opinion was derived from the work and conclusions of other FBI employees. It points to the fact that, as Dr. Luttman was the supervisory analyst, she was the only member of the three-person DNA team in this case who interpreted the DNA test results, and the only one who prepared a report based on those results. The government further contends that although she was permitted to refer to notes during her testimony, they were *her* notes. The serologist and PCR/STR technician who worked on the case conducted the preliminary procedures that derived DNA from the biological stains on the evidence, and operated the machine that performed the PCR/STR analysis. Dr. Luttman based her ultimate interpretation of the DNA profiles on her reading of a computer-generated graph, called an electropherogram, that was produced by the PCR/STR machine.

On the record, it is clear that Dr. Luttman used her own interpretations of the DNA evidence in arriving at the conclusion—that appellant could not be excluded as a contributor to the DNA evidence—to which she testified at trial. However, Dr. Luttman made references to the serology tests and the data produced by operation of a DNA-typing instrument, both carried out by other scientists on the team that she managed, which indicated that the DNA in semen stains found on SP's clothing matched appellant's DNA. These tests results, therefore, arguably were offered as substantive evidence.[1] Assuming a confrontation clause violation, *see Thomas v. United States,* 914 A.2d 1, 11–13 (D.C. 2006), there is nevertheless no plain error because the government's failure to call the serologist and/or the PCR/STR technician did not "seriously affect[ ] the fairness, integrity, or public reputation of [the] judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *see also Thomas, supra,* 914 A.2d at 12–18, 23–24 (admission of government report which concluded that bags appellant sold to undercover officer contained cocaine, without corresponding

---

1. The government acknowledged that "the results of the preliminary tests that identified semen on [S.P.'s] clothing *may* have been considered as substantive evidence." (Emphasis added.)

testimony of chemist who prepared report, was violation of appellant's rights under Confrontation Clause, but such error did not constitute plain error). Dr. Luttman's opinions tying appellant's DNA to S.P. were based on her independent analysis of DNA test results and her own application of statistical standards. Dr. Luttman was cross-examined extensively about her interpretation of the data. Appellant has not suggested how cross-examination of the serologist or of the PCR/STR technician would have bolstered his defense. In sum, appellant has not shown that any shortcomings in the trial of this case warrant reversal. *See Olano, supra,* 507 U.S. at 736, 113 S.Ct. 1770.

In light of the foregoing, we affirm appellant's conviction and the denial of his post-trial motion, and remand to the trial court so that it can vacate, as merged, appellant's conviction of second-degree sex abuse.

*Affirmed in part, and remanded in part.*